# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) No. |
| | ) |
| JON O'BRIEN, | ) |
| | ) |
| Defendant. | ) |

## INFORMATION

The United States Attorney charges that:

## INTRODUCTION

1. At all times relevant to this Information, Steyr-Arms GmbH (hereinafter "Steyr International") was a firearms manufacturer headquartered in Austria with an American distribution arm in Bessemer in the Northern District of Alabama, domestically incorporated as Steyr Arms, Inc. (hereinafter "Steyr US").

2. From the inception of Steyr US until approximately June 2019, Co-Conspirator 1 (CC1) served as the CEO of Steyr US, and Co-Conspirator 2 (CC2) served as the National Sales Manager for Steyr US.

3. From the inception of Steyr US until approximately 2012, Defendant Jon O'Brien served as a "consultant" for Steyr US, often receiving payments from Steyr US for this stated purpose.

4. Covey Sales Southeast, LLC, ("CSS") is a limited liability company registered in the State of Alabama. The Articles of Organization were filed on June 6, 2012, by CC2 and identified Defendant Jon O'Brien as one of the organizers of the LLC, along with CC2. CSS purports to have provided sales and marketing representation to gun manufacturers.

5. "Company C" is a limited liability company organized outside of Alabama in 2010 by unnamed, known conspirators. The principal place of business for Company C is outside of the southeastern United States. Company C provides marketing and sales representative services to gun manufacturers.

6. "SPM" is a limited liability company organized in the State of Alabama and purported to do business regarding land purchases and land management. One of the organizers of "SPM" was CC1.

7. Prior to 2012, Steyr US had an agreement with "Marketing Group" to provide sales and marketing services in exchange for commissions on certain customer accounts. Evidence exists that some accounts associated with local businesses were held as "house accounts" where Steyr employees handled sales orders.

## COUNT ONE
Conspiracy
18 U.S.C. § 371

8.     Between on or about June 2012 and continuing through on or about June 2019, within Jefferson County in the Northern District of Alabama, and elsewhere, the defendant,

**JON O'BRIEN,**

did knowingly and willfully combine, conspire, and agree with others presently known, to commit certain offenses against the United States, that is: to knowingly devise and intend to devise a scheme and artifice to defraud to obtain money and property belonging to Steyr Arms GmbH ("Steyr International") by means of materially false and fraudulent pretenses, representations, and promises, by use of interstate wire communications and transmissions, in violation of Title 18, United States Code, Section 1343.

### MANNER AND MEANS OF THE CONSPIRACY

9.     It was part of the conspiracy that, following the end of the relationship between Steyr US and Marketing Group in 2012, some customer accounts previously assigned to the former Marketing Group were given to Company C, specifically the accounts located in "the Midwest U.S." The remainder of the accounts were assigned

to Covey Sales Southeast ("CSS") a company organized by CC2 and Defendant Jon O'Brien.

10. It was further part of the conspiracy for CC1 and CC2 to direct the transfer of various accounts to be serviced by CSS, who would then receive commissions on those accounts.

11. It was further part of the conspiracy for Company C to receive all the payments for CSS sales commissions and funnel them through Company C. Company C would keep a portion of the payment before sending payment of the remainder to CSS.

12. Defendant Jon O'Brien and CC2 directed payments from CSS to themselves, had access to the organization bank accounts, and made decisions on behalf of the organization. CC2 remained employed by Steyr US and continued to receive his salary as Steyr US's National Sales Manager.

13. Steyr US paid approximately $1,110,762 in sales commissions to CSS, via payments made to Company C that were passed through to CSS.

14. From the sales commissions received, CSS provided regular kickback payments totaling over $300,000.00 to CC1, the CEO of Steyr US, in return for his continued use of CSS as Steyr US's main sales representative company. CSS also directed payments to CC1 through money transferred to SPM, the land management company run by CC1.

15. Defendant Jon O'Brien received approximately $113,717.57 in payments from CSS for work done as a sales representative and owner/operator of CSS.

## OVERT ACTS

16. In furtherance of the conspiracy and to achieve the objects thereof Jon O'Brien committed and caused to be committed the following overt acts, among others, within the Northern District of Alabama and elsewhere:

17. On June 12, 2012, Defendant Jon O'Brien assisted in the establishment of CSS and was listed as an organizer of CSS, the company created to accomplish the conspiracy.

18. On October 11, 2013, CC1 signed a Steyr US check, with the notation of "September Commission" to Company C for $81,066.38, which was deposited into Company C's account on October 21, 2013. Company C wrote a check on November 1, 2013, to CSS for $46,996.31, also with the notation of "September." On November 4, 2013, CC2 signed a CSS check for $15,500.00 made out to CC1. Additionally, on November 14, 2013, Defendant Jon O'Brien signed a CSS check for $10,000.00 directed to SPM.

19. On December 18, 2013, CC1 signed a Steyr US check for $51,265.77 to Company C, who deposited the same on December 24. On December 27, 2013, Company C provided a check for $28,341.49 to CSS, noting it was for "Commissions

for November 2013." This was deposited by CSS on January 3, 2014. CC2 signed three CSS checks on January 5, 2014: $6000 to CC2, $6000 to Defendant Jon O'Brien, and $6,300 to CC1.

20.  On March 22, 2018, Defendant Jon O'Brien signed an account agreement and signature card to create a bank account for CSS to facilitate the continuance of the ongoing financial transfers.

All in violation of Title 18, United States Code, Section 371.

KRISTEN S. OSBORNE
Assistant United States Attorney